UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAMY MEKHAIL,

        Plaintiff,

v.                                                Case No. 8:20-cv-565-T-24 TGW

GALENCARE INC. d/b/a Northside
Hospital, NPAS, Inc. and MEDICREDIT,
INC.

        Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendant NPAS, Inc.'s Motion to Dismiss. (Doc. No. 6). Plaintiff opposes the motion. (Doc. No. 9). As explained below, the motion is granted, but Plaintiff is given leave to amend.

**I. Standard or Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above

the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

**II. Background**

Plaintiff Ramy Mekhail alleges the following in her complaint (Doc. No. 1-1): On October 4, 2018, Plaintiff was involved in a work-related accident and was taken to Defendant Galencare Inc., doing business as Northside Hospital, for emergency medical treatment. Plaintiff informed Northside Hospital that her injury was work-related, but Northside still sent her correspondence saying that she had an account balance of over $30,000. Plaintiff contends that her medical treatment was covered by worker's compensation insurance, so she did not owe anything.

On December 26, 2018, Defendant NPAS, Inc. sent Plaintiff a letter relating to her treatment from Northside Hospital, and the letter indicated that Plaintiff's current account balance was $3,341.47. Thereafter, in May of 2019, Plaintiff received a letter from Defendant Medicredit, Inc. relating to her treatment from Northside Hospital. The letter from Medicredit asked Plaintiff to pay her past due balance of $3,341.47.

On December 20, 2019, Plaintiff filed suit against Defendants in state court. Plaintiff asserts three claims: (1) a claim against Northside Hospital for violating Florida's Consumer Collection Practices Act; (2) a claim against NPAS for violating the Fair Debt Collection Practices Act ("FDCPA"); and (3) a claim against Medicredit for violating the FDCPA. Defendants removed the case to this Court.

**III. Motion to Dismiss**

NPAS moves to dismiss the FDCPA claim asserted against it on the basis that it was not acting as a debt collector when it sent Plaintiff the letter on December 26, 2018, and therefore, it did not violate the FDCPA. Specifically, NPAS argues that because the medical debt was not in default, NPAS could not be considered a debt collector and its actions could not violate the FDCPA.

In order to state a claim under the FDCPA, a plaintiff must allege that the defendant is a debt collector. See Alhassid v. Nationstar Mortgage LLC, 771 Fed. Appx. 965, 968 (11th Cir. 2019). However, under the FDCPA, the definition of a debt collector does not include "any person collecting or attempting to collect any debt . . . due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692(a)(6)(F).

NPAS points out that Plaintiff did not allege in the complaint that NPAS obtained the medical debt after it was in default. The Court agrees that without an allegation that NPAS was a debt collector when it sent Plaintiff the December letter, the claim against NPAS must be dismissed.

Plaintiff responds that she believes that NPAS is, in fact, a debt collector, and she would like to pursue discovery to support this contention. NPAS cites to a similar case, Collazo v. NPAS, Inc.,[1] in which the court found that NPAS was not a debt collector. Based on Collazo, NPAS asks this Court to find as a matter of law that it was not acting as a debt collector in this case and asks that the dismissal of the FDCPA claim be with prejudice.

---

[1] The Collazo opinion is not published, but it is attached to NPAS's motion to dismiss as an exhibit. (Doc. No. 6-1).

3

The Collazo opinion cited by NPAS was based on a motion for summary judgment, not a motion to dismiss. Furthermore, the Collazo court stated that it had previously denied a motion to dismiss based on the same issue, because the plaintiff had alleged in the complaint that her account had been in default. Thus, Collazo does not support NPAS's request for dismissal with prejudice.

Accordingly, the Court will dismiss the FDCPA claim asserted against NPAS without prejudice. If Plaintiff can assert a factual basis for her contention that NPAS was acting as a debt collector when it sent her the December letter, Plaintiff may amend her complaint to do so.

## IV. Conclusion

Based on the above, it is ORDERED AND ADJUDGED that NPAS's Motion to Dismiss (Doc. No. 6) is **GRANTED** as to Count II. Plaintiff may file an amended complaint by April 17, 2020.

DONE AND ORDERED at Tampa, Florida, this 3rd day of April, 2020.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

4